IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARISE CAUDLE, | § | |
|     Plaintiff, | § | |
| v. | § | Civil Action No. 3:22-CV-00527-C-BH |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant's Motion to Dismiss for Lack of Jurisdiction*, filed March 7, 2022 (doc. 6), should be **GRANTED**.

### I. BACKGROUND

On January 31, 2022, Charise Caudle (Plaintiff) filed this *pro se* action against the Social Security Administration (SSA) in the Justice of the Peace Court, Precinct 1, Place 1, of Dallas County, Texas. (doc. 1-5.)[2] In its entirety, the one-page small claims petition states:

> Wrongful termination of benefits, fraud, tampering with mail, bullying and violating my civil rights, adding wrong income and refusing to fix it, refusing appeal, and refusing to send my mail or requested documents.

(*Id.*) Plaintiff seeks $5,000 in damages. (*Id.*)

On March 6, 2022, the SSA removed this action under 28 U.S.C. 1442(a)(1); the next day, it moved to dismiss for lack of subject matter jurisdiction. (docs. 1, 6.) Plaintiff responded on

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

March 11, 2022, and on April 6, 2022, the SSA submitted its reply in support of the motion to dismiss (docs. 8, 9.)

## II.  RULE 12(b)(1)

The SSA moves to dismiss Plaintiff's claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (doc. 6.)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed

facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.*

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, the SSA relies solely on the complaint to support its motion to dismiss, so it presents a facial attack that does not require the resolution of factual matters outside the pleadings. See *Williamson*, 645 F.2d at 412–13.

A.  **Sovereign Immunity**

The SSA first moves to dismiss on grounds that Plaintiff failed to identify a waiver of immunity that would allow a claim against it. (doc. 6 at 2-3.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The terms of the consent or waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). The plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

Here, Plaintiff has not identified a waiver of sovereign immunity that would allow her any of her claims against the SSA to proceed. *See Martin v. Hyundai Translead, Inc.*, No. 3:20-CV-2147-K, 2020 WL 6701806, at *8–9 (N.D. Tex. Nov. 13, 2020) (holding that failure to meet burden to satisfy burden to identify express waiver of sovereign immunity that would permit claims to proceed required dismissal of those claims for lack of subject matter jurisdiction). As further discussed below, subject matter jurisdiction over her claims does not exist.

**B.** **Federal Tort Claims Act**

The SSA argues that no jurisdiction exists over any fraud claim under the Federal Tort Claims Act (FTCA) because it is an improper party. (doc. 6 at 3.)

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671–2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or

omission of any employee of the federal government; (5) while acting within the scope of his office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477–78.

Although the FTCA waives sovereign immunity for a tort claim, an agency is not a proper defendant in a suit under this statute. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). The only proper defendant in an FTCA action is the United States. *Id.* Claims against federal agencies under the FTCA are properly dismissed for lack of jurisdiction. *Id.*; *see also Williams v. Army and Air Force Exchange Serv.*, No. 3:21-CV-2085-G-BH, 2022 WL 1594309, at *3 (N.D. Tex. Apr. 2022)(recommending dismissal of FTCA claim against federal agency for lack of jurisdiction because it was an improper defendant), *rec. adopted*, 2022 WL 1592831 (N.D. Tex. May 19, 2022); *Jones v. Soc. Sec. Admin.*, No. 3:18-CV-1792-L, 2018 WL 5631504, at *2 (N.D. Tex. Oct. 31, 2018) (dismissing fraud claim under the FTCA against the SSA based on sovereign immunity). Any fraud claims against the SSA should be dismissed for lack of jurisdiction based on sovereign immunity.

C.  **Derivative Jurisdiction**

The SSA also argues that subject matter jurisdiction is also lacking based on the doctrine of derivative jurisdiction. (doc. 6 at 4.)

Under the doctrine of derivative jurisdiction, "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). "[W]here the state court lacks jurisdiction of the subject matter of the parties, the federal court acquires none, although in a like suit originally

brought in a federal court it would have had jurisdiction." *Id.* (citations omitted). Although the doctrine of derivative jurisdiction no longer applies to cases removed under 28 U.S.C. § 1441, it still applies to cases removed under 28 U.S.C. § 1442, like this one. *Id.* at 351.

Under 28 U.S.C. § 1346(b)(1), federal district courts have exclusive jurisdiction over cases arising under the FTCA. *Id.* They also have exclusive jurisdiction over cases seeking review of final decisions regarding social security benefits. *See Tiffith v. Saul*, No. 20-617-BAJ-EWD, 2021 WL 1521588, at *2 & n. 4 (M.D. La. Jan. 4, 2021) (citing 42 U.S.C. §405(g)), *rec. adopted*, 2021 WL 1518874 (M.D. La. Apr. 16, 2021); *see also Jones*, 2018 WL 5631504, at *2-3 ("The Social Security Act makes clear that any challenge to an SSA decision must be brought in a federal district court.") (citing 42 U.S.C. §405(g)). Because the state court lacked subject matter jurisdiction over Plaintiff's claims against the SSA for fraud or wrongful termination of her social security benefits when she filed her petition in small claims court, jurisdiction in this court is likewise lacking, and those claims must be dismissed. *See Lopez*, 749 F.3d at 350 (affirming dismissal of FTCA claims originally filed in state court under the derivative jurisdiction doctrine); *Tiffith*, 2021 WL 1521588, at *2 (recommending dismissal of case seeking review of denial of disability insurance benefits that was originally filed in state court against Commissioner of Social Security Administration for lack of subject matter jurisdiction under the derivative jurisdiction doctrine); *Guevara v. United States*, No. 3:20-CV-0022-D, 2020 WL 1529005, at *3 (N.D. Tex. Mar. 31, 2020)(dismissing FTCA claim filed in state court under the derivative jurisdiction doctrine); *Jones*, 2018 WL 5631504, at *3 (dismissing FTCA claim for alleged fraud in connection with his social security benefits originally filed against the SSA in state court for lack of subject matter jurisdiction under the derivative jurisdiction doctrine).

**D.**     *Bivens*

The SSA does not specifically move to dismiss Plaintiff's claims for violation of her civil rights.

As noted, a Rule 12(b)(1) motion may be raised by a court on its own initiative. *Arbaugh*, 546 U.S. at 506. In fact, courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

Plaintiff's claims against the SSA for violation of her civil rights may be interpreted as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens*, 403 U.S. 388. *Bivens* mirrors but is not "'the substantial equivalent of 42 U.S.C. § 1983.'" *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (citation omitted). The Fifth Circuit has stated that a *Bivens* claim against the United States, a federal agency, and federal officers in their official capacities is barred by the doctrine of sovereign immunity. *See Gibson v. Federal Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (*per curiam*) (citing *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *see also Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 380-81 (1987) (noting *Bivens* only applies to federal officers in their individual capacities but "[t]he United States and its officers in pursuit of their official duties remain protected by sovereign

7

immunity"). Any *Bivens* claim for violation of Plaintiff's civil rights is also subject to dismissal for lack of jurisdiction based on sovereign immunity.

### III.  RULE 12(b)(6)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more

>than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *Carter v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). "Pre-dismissal notice and opportunity to respond are not needed 'if the plaintiff has [already] alleged his best case," which includes "(1) repeatedly declar[ing] the adequacy of that complaint in ... response to [the] defendant's motion to dismiss and (2) refus[ing] to file a supplemental complaint even in the face of a motion to dismiss." *See id.* at 498 n.1 (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)) (internal quotations omitted). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

*Bivens* only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against a federal agency or the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282,

286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). To the extent that jurisdiction exists over Plaintiff's claims for violation of her civil rights, any *Bivens* claims against the SSA should be dismissed for failure to state a claim. *See Govea v. ATF*, 207 F. App'x 369, 373 (5th Cir. 2006) (*per curiam*) (affirming dismissal of *Bivens* action against a federal agency under Rule 12(b)(6) for failure to state a claim).

## IV. RECOMMENDATION

The SSA's motion to dismiss for lack of jurisdiction should be **GRANTED**, and all of Plaintiff's claims against it should be **DISMISSED without prejudice** for lack of subject matter jurisdiction. To the extent that jurisdiction exists over Plaintiff's claims for violation of her civil rights under *Bivens*, her *Bivens* claims should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 22nd day of August, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE